IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LORA L. SPENCE, | : | |
| Plaintiff, | : | |
| | | Case No. 3:11cv00341 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.

This social security case is presently before the Court upon Defendant's Motion to Remand pursuant to Sentence Six of 42 U.S.C. § 405(g) (Doc. #7), Plaintiff Lora L. Spence's Response in Opposition (Doc. #8), and the record as a whole.

Plaintiff filed an application for disability insurance benefits on January 8, 2004, alleging disability since October 1, 1999. (Doc. #7-1 at 10). The application was denied initially and on reconsideration. (*Id.*). A hearing and supplemental hearing were held before an Administrative Law Judge in October 2006 and April 2007. (*Id.*). At that time, Plaintiff amended her alleged onset date to September 1, 2003. (*Id.*). Thereafter, the ALJ issued a decision dated May 9, 2007, finding the claimant not disabled. (*Id.*).

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

On August 29, 2008, the Plaintiff brought an action pursuant to 42 U.S.C. § 405(g) to review the Defendant Commissioner's denial of her application for Social Security disability benefits. (*Id.*). United States District Judge Walter Herbert Rice determined the ALJ's decision of non-disability was not supported by substantial evidence, and remanded the case pursuant to Sentence Four of 42 U.S.C. § 405(g) for further administrative procedures. (*Id.*); *see also Spence v. Comm'r of Soc. Sec.*, 2009 U.S. Dist. LEXIS 93889 at *9 (S.D. Ohio, Sept. 28, 2009). District Judge Rice also ordered on remand the ALJ "to refer the Plaintiff to a medical professional who specializes in fibromyalgia and, in addition, to receive, by way of report and/or testimony, any medical evidence the Plaintiff wishes to produce, in order to determine whether the Plaintiff was disabled, within the eligible period, on the basis of fibromyalgia, standing alone, or in combination with other conditions." (*Id.* at *8).

On remand, Plaintiff appeared and testified at a hearing held on November 17, 2010. (Doc. # 7-1 at 10). An impartial medical expert and impartial vocational expert also testified at the hearing. (*Id.*). A supplemental hearing was held on June 1, 2011. (*Id.*). Plaintiff, as well as the same vocational expert from the prior hearing, appeared and testified at this hearing. (*Id.*). Pursuant to District Judge Rice's remand order, Plaintiff's attorney submitted additional medical records, and the ALJ took testimony at the November 2010 hearing from the medical expert regarding the effects of fibromylagia. (*Id.*). On December 26, 2007, during remand, Plaintiff also filed an application for supplemental security income, alleging a disability onset date of May 10, 2007. (*Id.* at

2

10-11). This application was denied initially and upon reconsideration. (*Id.* at 10). The ALJ issued a decision on July 11, 2011, addressing both the application for disability insurance benefits and for supplemental security income. (*Id.* at 24).

As to Plaintiff's application for a period of disability and disability insurance benefits filed on January 22, 2004, the ALJ determined Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act, but has been "disabled" for the purpose of establishing eligibility for Medicare coverage as a Medicare-qualified government employee under section 216(I) and 223(d) of the Social Security Act. (*Id.*).

As to Plaintiff's application for supplemental security income filed on December 26, 2007, the ALJ determined Plaintiff was disabled under 1614(a)(3)(A) of the Social Security Act beginning on February 18, 2008. (*Id.*).

## II.

On September 27, 2011, Plaintiff brought this case seeking review of the Social Security Administration's denial of her application for disability insurance benefits. (Doc. #1). Specifically, Plaintiff argues the ALJ's decisions "finding that [she] did not become disabled under the Social Security Act prior to February 18, 2008 were not in accordance with law but were contrary thereto and against the evidence in that the Plaintiff has been disabled under the Social Security Act from her alleged onset date of disability and not just starting on February 18, 2008." (Doc. #1 at 3). Plaintiff requests this Court reverse the ALJ's decisions and order payment of disability insurance benefits, or alternatively, remand "for further proceedings related to the period prior to February

18, 2008 only under the Social Security Act, as amended." (*Id.*).

Subsequently, on December 5, 2011, this Court was notified by the parties that they had "stipulate[d] to an extension of time of twenty-one (21) days, until and including December 26, 2011, for Defendant to move or plead in response to Plaintiff's Complaint." (Doc. #3). On December 23, 2011, the parties' Joint Motion to Extend Time to Respond to the Complaint (Doc. #4) was also granted, and the Court provided Defendant Commissioner until February 9, 2012, in which to answer or otherwise respond. (Doc. #4). At this time, Defendant informed the Court that it "previously filed a twenty-one day extension of time in this case to locate the administrative file," and that "[t]he file has been located and Defendant requires additional time to transcribe the hearing testimony, inspect the administrative record for any errors, and prepare an appropriate response." (Doc. #4 at 2).

On February 10, 2012, Defendant requested, and this Court granted, an extension of time until March 10, 2012, within which to file a response to Plaintiff's complaint. (Doc. #5-2 at 2). At this time, Defendant informed the Court that "Plaintiff's administrative file is long and complex, and includes both electronic and paper files of medical records spanning ten years and three administrative hearings," and that despite making "a good faith effort to locate a full and complete copy of the administrative file . . . , additional time to locate additional medical records, inspect the administrative record for any errors, and prepare an appropriate response [is required]." (*Id.*). Defendant also informed the Court that Plaintiff's counsel did not object to the request. (*Id.*).

**III.**

Thereafter, on March 9, 2012, Defendant filed a Motion to Remand pursuant to Sentence Six of 42 U.S.C. § 405(g), informing the Court that "the complete claim file(s) of the Administrative Law Judge's (ALJ) decision dated July 11, 2011 cannot be located." (Doc. #7 at 2). Defendant also provided a declaration from Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 3, Office of Disability Adjudication and Review (ODAR), Social Security Administration, in which he stated to this Court that he was informed by staff on December 14, 2011, that the files needed to prepare the administrative record "could not be located" and that "on that date, the undersigned requested of agency counsel that remand of the instant case be sought for the purpose of locating or reconstructing the administrative record." (*Id.* at 3).

In his declaration, Mr. Herbst also noted that on December 15, 2011, he requested "through automated means, what appeared to be plaintiff's Title II file from a remote storage facility," and that his staff received the file which contained "copies of the recordings of the two oral hearings that were held by the ALJ on remand." (*Id.* at 3-4). The hearings were transcribed "on a high-priority basis" and received by Mr. Herbst's staff on approximately December 23, 2011. (*Id.* at 4). A staff member was thereafter assigned to compile the administrative record, but on February 3, 2012, the staff member informed Mr. Herbst "that, whereas the ALJ had considered Exhibits numbered AC-1 and AC-2, 1A through 7A, 1 B through 13B, 1D through 13D, 1E through 28E, 1F through 73F and 1SSI through 7SSI, the paper file that was being processed by the staff member

5

lacked Exhibits 34F through 73F, and 1SSI through 7SSI." (*Id.*). Thereafter, an additional file was located containing Exhibits 1SSI through 7SSI. (*Id.*).

According to Mr. Herbst, "[a]lthough [Exhibits 34F through 73F] might exist in an additional paper file maintained by the SSA, agency computer records do not indicate the present location of such additional paper file. Without certain replicas of Exhibits 34F through 73F, the undersigned is of the opinion that a complete administrative record cannot be certified." (*Id.*). However, Mr. Herbst also noted that he "reviewed an electronic file pertinent to plaintiff's December 26, 2007 application for benefits under Title XVI," and that "[i]t does appear that within such electronic file that some, but not all, of the documents identified as Exhibits 34F through 73F are present in such electronic file." (*Id.* at 5). However, he also notes that "the last documents received into such electronic file were so received on December 23, 2010; many of Exhibits 34F through 73F reflect care received by plaintiff after that date." (*Id.*).

Plaintiff opposes Defendant's Motion to Remand, and argues that "good cause," as required for such a remand, has not been shown at this time. (Doc. #8 at 1). Plaintiff also argues "[t]he 'relief' which the Defendant requested at page 3 of document 7 is also erroneous. There is no need for any further hearings." (*Id.* at 3). In addition, Plaintiff raises a number of questions regarding Defendant's intended course of action should this Court grant a remand. Mainly, Plaintiff wishes to know what actions the Defendant will take to find the missing exhibits, or alternatively, reconstruct the administrative record without undue delay. (*See* Doc. #8). Plaintiff notes that it has been over eight years since

applying for DIB benefits, and already five months since this case was filed.  Instead of granting Defendant's Motion to Remand, Plaintiff requests Defendant be ordered "to report back to this Court within 60 days, with sworn Affidavits, the specific efforts that the Defendant has made to locate Exhibits 34F-73F." (*Id.* at 5).  Plaintiff's counsel also notes that he has already sent Defendant a C.D. with some of the missing exhibits on it, however, has not been provided with information as to whether Defendant has reviewed the disc.  (*Id.* at 2).  Should the Court grant Defendant's Motion to Remand, Plaintiff "asks this Court, in its equitable powers, to set time limits for the Administration to obtain Exhibits 34F-73F and to then prepare the 'certified copy of the transcript of record' for this Court." (*Id.* at 6).  Defendant has not filed a Reply to Plaintiff's Response in Opposition, and the time for doing so has expired.

**IV.**

Sentence six of section 405(g) provides in relevant part: "[t]he Court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g).  In commenting upon the 1980 Amendments to the Act, the Joint Conference Committee of Congress stated that in some cases procedural difficulties necessitate, and therefore constitute, "good cause" for remand under sentence six.  The Committee stated:

> there are sometimes procedural difficulties which prevent the Secretary from providing the Court with a transcript of administrative proceedings.  Such a situation is an example of what could be considered 'good cause' for remand.

7

> Where, for example, . . . the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the Courts may review under 205(g) of the Act.

P.L. 96-265, Social Security Disability Amendments of 1980, House Conference Report No. 96-944, 96th Cong., 2d Sess. 59 (May 13, 1980). *See also Back v. Comm'r of Soc. Sec.*, 2009 U.S. Dist. LEXIS 105715 at *1 (S.D. Ohio, Nov. 11, 2009) (remanding under sentence six of 42 U.S.C. § 405(g) where defendant could not locate the claim file and a hearing recording) (Dlott, C.D.J.; Black, M.J.).

## V.

Here, due to the current inability of Defendant to locate some of Plaintiff's exhibits, "good cause" exists for remand under sentence six. This Court, however, also notes that Plaintiff's concerns are not without merit or otherwise unreasonable. Plaintiff's application was filed over eight years ago, and five months has already passed since this case was filed. Defendant's request for this Court "to remand this case to an ALJ to offer Plaintiff a *de novo* hearing; to address any additional evidence submitted; to take any further action needed to complete the administrative record; and to issue a new decision," seems premature and unnecessary at this point. In fact, Mr. Herbst's declaration indicates that he only requested "of agency counsel that remand of the instant case be sought for the purpose of locating or reconstructing the administrative record." (Doc. #7-1 at 3). Moreover, Plaintiff's counsel already appears to have provided a C.D. to Defendant containing exhibits 51F, 57F, 61F, 64F-73F. (Doc. #8 at 10).

In order to ensure this case receives the expeditious handling that is warranted, and

that the matter is not prolonged further, Defendant shall be required on remand to comply with the deadlines set forth below. These deadlines should allay Plaintiff's concerns, and ensure this case receives prompt attention by Defendant on remand.[2] [3] Accordingly, on remand, further efforts should be taken to locate the missing materials, and if these efforts prove unsuccessful, to reconstruct the administrative record, and prepare the certified administrative record **on or before July 2, 2012**.

If the administrative record cannot be certified on or before July 2, 2012, Defendant shall file **on or before July 2, 2012** a memorandum indicating all efforts taken to reconstruct the administrative record, as well as a declaration from the Chief of Court Case Preparation and Review Branch 3, Office of Disability Adjudication and Review, Social Security Administration, informing this Court, in detail, of all additional steps taken to locate the missing materials.

Mindful of the fact that Defendant has already sought and been granted a number of extensions of time in this case, future motions for extension of time will generally be denied unless supported by good cause. The Court will consider extensions of time stipulated to by the parties.

---

[2] *See* Hearings, Appeals and Litigation Law Manual (HALLEX) I-4-3-40 ("In its remand order, a court may set a deadline for completing all or part of the remand proceedings. . . . It is essential that OAO coordinate time-limited remand processing both with other OHA components and with OGC. Failure to meet a court-imposed time limit can result in sanctions being imposed by the court, including finding the Commissioner in contempt of court.").

[3] HALLEX is a procedural manual setting forth safeguards and procedures for the agency's administrative proceedings. *See Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008); *Robinson v. Barnhart*, 124 F. App'x 405, 410 (6th Cir. 2005).

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion to Remand (Doc. #7) be GRANTED; and,

2. This matter be **REMANDED** to the Social Security Administration pursuant to Sentence Six of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendations, <u>including all deadlines</u>, and any decision adopting this Report and Recommendations.


April 4, 2012                                                      s/ Sharon L. Ovington
                                                                    Sharon L. Ovington
                                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).