# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LORA L. SPENCE, : | |
| Plaintiff, : | |
| | Case No. 3:11cv00341 |
| vs. : | |
| | District Judge Thomas M. Rose |
| MICHAEL J. ASTRUE, : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | |
| Security Administration, : | |
| Defendant. : | |

# ORDER

This social security case was previously before the Court upon Defendant's Motion to Remand pursuant to Sentence Six of 42 U.S.C. § 405(g) (Doc. #7), Plaintiff Lora L. Spence's Response in Opposition (Doc. #8), and the record as a whole. Defendant requested remand due to its inability to locate certain exhibits necessary to prepare the certified administrative record in this case. The Court Ordered the case remanded to allow Defendant the opportunity to continue to search for the missing materials, "and if these efforts prove unsuccessful, to reconstruct the administrative record, and prepare the certified administrative record . . . ." (Doc. #9). Defendant was also required to file a memorandum indicating efforts taken to comply with the Court's Order. The case is now before the Court upon Defendant's Response and Motion to Remand (Doc. #12), Plaintiff's Reply (Doc. #13), and the record as a whole.

Based on the recent search conducted by Defendant, the Court has been informed Exhibits 34F through 50F have been obtained, but "Exhibits 51F through 73 could not be replicated through such means, nor have such Exhibits been located." (Doc. #12 at 6). Defendant contends that it "has made a good faith effort to locate the missing exhibits, and has exhausted all possible avenues to reconstruct the administrative record." (*Id.*). As a result, Defendant again seeks to conduct a *de novo* hearing and to issue a new decision. (*Id.* at 7). Although Defendant appears to have made a "good faith" effort to locate the missing exhibits, merely contacting Plaintiff's counsel regarding the remaining missing exhibits – while an appropriate first step – is not exhaustion of "all possible avenues to reconstruct the administrative record." (*Id.* at 6); *see also* 42 U.S.C. § 405(d). This case was remanded on April 25, 2012, with specific instructions to reconstruct the record "on or before July 2, 2012." When the only action taken to reconstruct the record appears to be contacting Plaintiff's counsel less than a week before the July 2nd deadline, questions arise as to the extent of Defendant's efforts to fully comply with this Court's Order. Defendant made no indication, for example, that any attempt was made to obtain the missing records directly from Plaintiff's medical providers.

Based on the representations of Defendant, it appears the only exhibits that must be obtained to reconstruct the administrative record are those marked 51F through 73F. (Doc. #12 at 6). Thus, it continues to remain unnecessary to remand this matter for a *de novo* hearing and new decision. This case therefore remains remanded for the limited purpose of reconstructing the administrative record, in accordance with the directions and

deadlines set forth below.

Failure of either party to comply with this Order may result in the imposition of sanctions.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's counsel shall provide any of the above-mentioned exhibits in his possession to Defendant **on or before August 15, 2012**. If Plaintiff's counsel does not possess any of the above-mentioned exhibits, he shall inform Defendant of this fact, in writing, **on or before August 15, 2012**;

2. Defendant shall thereafter obtain any remaining medical evidence necessary to reconstruct the administrative record, and prepare the certified administrative record **on or before November 15, 2012**;

3. Defendant shall file a status report indicating efforts taken to reconstruct the administrative record **on or before October 1, 2012**; and,

4. Defendant's Motion to Remand (Doc. #12) is DENIED, in part, to the extent it seeks remand for a de novo hearing and new decision, and DENIED as moot, in part, due to the fact this case remains remanded to reconstruct the administrative record.

August 3, 2012

                                                               s/Sharon L. Ovington
                                                                 Sharon L. Ovington
                                                   United States Magistrate Judge